UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN SCOTT ADAMS,<br><br>                Plaintiff,<br>    v.<br><br>GERALD BANNER, *et al.*,<br><br>                Defendants. | CASE NO. 2:25-cv-01421-DGE-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: October 15, 2025 |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Pending before the Court is Plaintiff Ryan S. Adams' Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). Dkt. 6. Upon review, Plaintiff is ineligible to proceed IFP in this action as he has incurred at least three "strikes" under 28 U.S.C. § 1915(g). Accordingly, the undersigned recommends the pending Motion for IFP (Dkt. 6) be denied and Plaintiff be **REQUIRED to PAY** the $405.00 filing fee before proceeding in this action. If Plaintiff fails to pay the filing fee by the court-imposed deadline, it is further recommended that this action be **DISMISSED without prejudice**.

//

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

Plaintiff, who is currently incarcerated at Monroe Correctional Complex-IMU ("MCC"), filed this prisoner civil rights action alleging Clallam Bay Correctional Center ("CBCC") correctional staff physically attacked him during his incarceration at CBCC on September 19, 2023. Dkt. 1-1 at 4. Plaintiff, proceeding *pro se*, filed an initial Application to Proceed IFP along with a proposed § 1983 Complaint on July 24, 2025. Dkts. 1, 1-1.

On July 29, 2025, the Clerk of Court sent Plaintiff a letter notifying Plaintiff that he had failed to meet the IFP Application filing requirements by using the incorrect IFP form and failing to provide a prison trust account statement. Dkt. 3. The Clerk enclosed the appropriate IFP Form for Plaintiff's convenience. *See* Dkts. 3, 3-1. Additionally, the Clerk of Court instructed Plaintiff to return the requested documentation to the Court by August 28, 2025. *Id*. The Clerk also warned Plaintiff that if he did not respond to the letter by August 28, 2025, the action may be subject to dismissal. *Id*.

As of September 10, 2025, Plaintiff had yet to cure the deficiencies identified by the Clerk of Court. Accordingly, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute on or before October 1, 2025. Dkt. 4. On September 17, 2025, Plaintiff filed the pending Motion for Leave to Proceed IFP along with a certified copy of his prison trust account statement.[1] Dkts. 6, 6-1.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, governs IFP proceedings. Under § 1915(a), a district court may waive the filing fee for civil complaints by

---

[1] Plaintiff previously filed a certified copy of his prison trust account statement on September 11, 2025, without an accompanying IFP motion. *See* Dkt. 5.

REPORT AND RECOMMENDATION - 2

granting IFP status to individuals unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "To address concerns that prisoners proceeding IFP were burdening the federal courts with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)). Indigent prisoners may still apply for and obtain IFP status, but § 1915(b) states prisoners proceeding IFP must pay the filing fee when funds become available in their prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051.

"Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051–52. The "three-strikes rule" contained in § 1915(g) of the PLRA states:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). The three-strikes rule does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the statute's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008). Thus, when an IFP motion or application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915(e) and the action is dismissed, the dismissal counts as a "strike." *Id.* at 1155.

Here, the records of this Court and of the United States District Court for the Eastern District of Washington show that Plaintiff has filed seven prisoner civil rights actions while incarcerated. Of those actions, at least three were dismissed for failure to state a claim upon which relief may be granted. Thus, the following prior dismissals constitute "strikes" pursuant to section 1915(g):

REPORT AND RECOMMENDATION - 3

1. *Adams v. Inslee et al.*, No. 3:24-cv-05417-TMC, Dkt. 11, 12 (W.D. Wash. Aug. 16, 2024) (dismissing complaint for failure to state a claim);

2. *Adams v. Robertson, et al.*, No. 4:24-cv-05053-SAB, Dkt. 14, 15 (E.D. Wash., Dec. 6, 2024) (dismissing amended complaint for failure to state a claim); and

3. *Adams v. Jackson et al.*, No. 4:24-cv-05041-SAB, Dkts. 19, 20 (E.D. Wash. Oct. 3, 2025) (dismissing second amended complaint for failure to state a claim).

Because Plaintiff has incurred at least three "strikes," he is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury" at the time he filed his proposed complaint. *See* 28 U.S.C. § 1915(g). The proposed complaint alleges an isolated incident from approximately two years ago in a different facility from the one in which Plaintiff is currently confined. *See* Dkt. 1-1 at 4. As a result, the alleged physical attack by CBCC correctional staff does not support a finding that Plaintiff is under imminent danger from serious physical injury while incarcerated at MCC.

### III. CONCLUSION

For the stated reasons, the undersigned finds that Plaintiff has incurred at least three "strikes" and is barred from proceeding without prepayment of fees under 28 U.S.C. § 1915(g). It is therefore recommended the Motion to Proceed IFP (Dkt. 6) be denied and Plaintiff be **DIRECTED to PAY** the $405.00 filing fee within 30 days of the adoption of this Report and Recommendation. If Plaintiff fails to pay the filing fee by the court-imposed deadline, it is further recommended this action be **DISMISSED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of

REPORT AND RECOMMENDATION - 4

those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on October 15, 2025, as noted in the caption.

Dated this 29th day of September, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5