UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN S. ADAMS,<br><br>                    Plaintiff,<br>          v.<br><br>GERALD BANNER et al.,<br><br>                    Defendants. | CASE NO. 2:25-cv-01421-DGE<br><br>ORDER DENYING MOTION FOR DISCRETIONARY REVIEW (DKT. NO. 11) |

Before the Court is Plaintiff's "Motion for Discretionary Review." (Dkt. No. 11.) Because Plaintiff's motion appears to challenge the Court's order adopting the Report and Recommendation ("R&R") of United States Magistrate Judge Grady J. Leupold (Dkt. No. 8), the Court construes Plaintiff's motion as a motion for reconsideration.

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used

1 sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v.*
2 *Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

3       "[A] motion for reconsideration should not be granted, absent highly unusual
4 circumstances, unless the district court is presented with newly discovered evidence, committed
5 clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals,*
6 *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to
7 grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v.*
8 *Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

9       Under Local Civil Rule 7(h)(2) a motion for reconsideration shall be filed "within
10 fourteen days after the order to which it relates is filed." Because the Court issued its order
11 adopting the R&R on October 20, 2025, any motion for reconsideration was due no later than
12 November 4, 2025. Plaintiff filed his motion on November 26, 2025, long after the deadline to
13 file a motion for reconsideration passed. Plaintiff did file objections to the R&R (Dkt. No. 9),
14 but did so several weeks after the deadline for objections passed, and 20 days after the Court
15 adopted the R&R.

16       Plaintiff argues he filed objections to the R&R as soon as he was able, but had difficulty
17 accessing the prison's E-filing system. (Dkt. No. 11 at 2.) Plaintiff objects to the fact that the
18 Court adopted Judge Leupold's R&R without addressing his objections. (*Id.*) As discussed,
19 Plaintiff filed his objections after the Court adopted the R&R. However, even if Plaintiff's
20 objections and/or his motion for reconsideration were timely, he has not presented arguments
21 that would justify granting his motion.

22       Plaintiff objects to Judge Leupold's R&R, which found Plaintiff was ineligible to proceed
23 in forma pauperis ("IFP") because he had incurred at least three "strikes" pursuant to 28 U.S.C.
24

§ 1915(g).  (Dkt. No. 7.)  Plaintiff argues one of the cases cited in Judge Leupold's R&R should not count as a "strike" because the Ninth Circuit found his appeal involves at least one non-frivolous issue and granted his motion to proceed in forma pauperis.  (Dkt. No. 11 at 3–4); *Adams v. Jackson et al*, Case No. 4:24-cv-05041-SAB, Dkt. No. 28.  The Ninth Circuit's order does not prevent the district court's order in that case, which dismissed Plaintiff's claim for failure to state a claim upon which relief could be granted, from counting as a "strike" for purposes of the statute because that decision has not been reversed.  *See* 28 U.S.C. §1915(g) ("In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

Accordingly, Plaintiff's motion (Dkt. No. 11) is DENIED.

Dated this 15th day of December, 2025.



David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR DISCRETIONARY REVIEW (DKT. NO. 11) - 3